Case 4:23-cv-04560  Document 3  Filed on 12/14/23 in TXSD  Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
December 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY C. BLANTON, (TDCJ # 00750531) | § § § § § § § § § § § | |
| *Plaintiff,* | | |
| vs. | | CIVIL ACTION NO. H-23-4560 |
| TEXAS PRISON SYSTEM'S MAILROOM SUPERVISOR, *et al.,* | | |
| *Defendants.* | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Billy C. Blanton is a state inmate confined in the Texas Department of Criminal Justice—Correctional Institutions Division. On December 4, 2023, he filed a "memorandum" in which he alleges that TDCJ's mailroom supervisors and law library supervisors are denying him access to the courts and tampering with his mail. (Dkt. 1). He also alleges that unnamed individuals are conspiring to have him killed. (*Id.* at 2). Based on the allegations in Blanton's "memorandum," the Court construes it as an attempt to file a civil rights action under 42 U.S.C. § 1983, but Blanton has neither paid the applicable filing fee nor filed a motion to proceed *in forma pauperis*. Because Blanton has not paid the filing fee and is not eligible to proceed with this action *in forma pauperis*, the Court dismisses this action as explained further below.

## I. BACKGROUND

Blanton is currently serving a thirty-year sentence for aggravated sexual assault on a child. *See* Inmate Search, www.tdcj.texas.gov (last visited Dec. 13, 2023). In his "memorandum," he alleges that since 2015, the "Texas Prison System's Mailroom [Supervisors] and law library [supervisors] and all others acting in concert and participation with them" have violated his First, Fifth, and Fourteenth Amendment rights by denying him access to the courts. (Dkt. 1, p. 1). He alleges that these unnamed individuals are obstructing justice by tampering with evidence "made in anticipation of litigation." and by "illegally seiz[ing] and search[ing] my pleadings . . . to inflict mental torture on me." (*Id.* at 1-2). He also alleges that unnamed individuals have engaged in "ongoing conspiracies to commit capital murder by employing their gang-related inmates to murder me for them." (*Id.* at 2). Blanton alleges that he is in imminent danger of serious physical injuries, and he asks the Court to provide relief to "prevent further ongoing pain, suffering, physical injuries, and emotional distress. (*Id.*).

## II. DISCUSSION

Because Blanton is currently incarcerated, his civil action is governed by the Prison Litigation Reform Act ("PLRA"), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204

2/ 6

(2007)). Under the "three-strikes rule" established in the PLRA, an inmate may not proceed *in forma pauperis* if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (observing that the three-strikes rule was established to "help staunch a 'flood of nonmeritorious' prisoner litigation") (quoting *Jones*, 549 U.S. at 203).

Court records reflect that, since he has been incarcerated, Blanton has filed numerous previous lawsuits, including at least three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See, e.g., Blanton v. Gilstrap, et al.*, Civil Action No. G-12-0059 (S.D. Tex. Apr. 17, 2012); *Blanton v. Duncan*, Civil Action No. 9:04-cv-0164 (E.D. Tex. Nov. 29, 2004); *Blanton v. Stacks*, Civil Action No. 9:04-cv-0151 (E.D. Tex. Oct. 26, 2004); *see also Blanton v. Holliday Unit*, Civil Action No. 4:23-cv-3954 (S.D. Tex. Oct. 27, 2023) (collecting cases and dismissing under 28 U.S.C. § 1915(g)). He therefore may not proceed *in forma pauperis* absent a showing of imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

To attempt to take advantage of the statutory exception, Blanton alleges that

he is in imminent danger of serious physical harm because unnamed individuals have conspired at unidentified times to have him killed. (Dkt. 1, p. 2). But the imminent danger exception is intended to apply to "genuine emergencies, where time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)). The "threat or prison condition must be real and proximate," *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003), and the prisoner must be in imminent danger when he files his action in district court; not at some unspecified time in the past. *See Baños*, 144 F.3d at 884. In addition, general allegations of imminent danger not grounded in specific facts are not sufficient to invoke the exception. *See Ciarpaglini*, 352 F.3d at 331 (conclusory claims of imminent danger do not satisfy § 1915(g)); *see also Hyder v. Obama*, No. 5:11-cv-26, 2011 WL 1113496, at *3 (E.D. Tex. Mar. 11, 2011), *report adopted by* 2011 WL 1100126 (E.D. Tex. Mar. 24, 2011); *Valdez v. Bush,* No. 3:08-cv-1481, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008). The Court must carefully examine the plaintiff's specific factual allegations to determine whether they meet § 1915(g)'s stringent standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Camp v. Putnam*, 807 F. App'x 303, 306 (5th Cir. 2020) (district courts must analyze a plaintiff's specific allegations to determine whether the allegations satisfy § 1915(g)'s imminent-danger requirement).

Blanton's allegations do not meet these stringent standards. Blanton alleges that unnamed individuals at unidentified TDCJ units have conspired at unspecified times over the past eight years to have him murdered. This allegation, unsupported by specific facts, dates, or threats, is insufficient to establish that Blanton is currently in imminent danger of serious bodily harm. *See Cloud v. Stotts*, 455 F. App'x 534, 535 (5th Cir. 2011) ("Cloud's bare assertions that he has been threatened at unspecified dates in the past by inmates who have beaten other inmates at the direction of one of the defendants does not rise to the level of a showing that he was in 'imminent danger of serious physical injury' when he filed his complaint."); *see also Morris v. Walls*, No. 19-cv-00006-DC, 2019 WL 12336299, at *3 (W.D. Tex. Jan. 14, 2019) ("Prisoners cannot exempt themselves from the operation of § 1915(g) by claiming that they are in imminent danger at all times and under all circumstances."). Blanton is therefore barred by § 1915(g) from proceeding with this action *in forma pauperis*.

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. This prisoner civil rights action filed by Billy C. Blanton is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. Any other pending motions are **DENIED as moot**.

3. Blanton may move to reinstate this case only if he pays the full amount of the

filing fee for a civil action ($405.00) within 30 days from the date of this Order.

The Clerk will provide a copy of this Order to the plaintiff. **The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on _Dec 14_, 2023.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE